```
                             UNITED STATES DISTRICT COURT
                             SOUTHERN DISTRICT OF FLORIDA

                             CASE NO. 10-22122-CIV-JORDAN
                             MAGISTRATE P. A. WHITE

THOMAS LONG,                 :

        Plaintiff,           :

v.                           :      REPORT OF
                                    MAGISTRATE JUDGE
STATE OF FLORIDA, et al.,    :

        Defendants.          :
_____
```

## I. Introduction

The pro-se plaintiff, Thomas Long, filed a civil rights complaint pursuant to 42 U.S.C. §1983, while confined in Apalachicola, Florida.(De#1) The plaintiff alleges that the State of Florida, the State Attorneys of Monroe County and Broward County, Judge Dale Golen and the Hollywood Police and Fire Department violated his constitutional rights. The plaintiff is proceeding in forma pauperis.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

```
              *   *   *

        (e)(2) Notwithstanding any filing fee, or
   any portion thereof, that may have been paid,
   the court shall dismiss the case at any time
   if the court determines that –

              *   *   *

        (B) the action or appeal –

              *   *   *

        (i)  is frivolous or malicious;

        (ii) fails to state a claim on which
        relief may be granted; or

        (iii) seeks monetary relief from a
        defendant who is immune from such
        relief.
```

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v.

2

Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that

3

no misconduct occurred.[1]

   B.  Factual Allegations

Research at the Florida Department of Corrections website reveals the plaintiff is serving a three year sentence entered in Broward County, Florida, on September 23, 2009. The plaintiff stands convicted in case no 08-17739 for battery on a law enforcement officer. In his complaint, which is disjointed and difficult to understand, Long claims that all the named defendants were guilty of fraud. He alleges that Broward County should be charged with the theft of evidence in his case, and the Hollywood Police and Fire Department are guilty of brutality, theft, perjury and fraudulent prosecution. He alleges the theft of his case and personal jewelry. The state attorneys are liable for theft of his inmate account and fraudulent prosecution.  He claims he did not get a fair trial and the charges were fraudulent. He seeks to have this fraudulent prosecution stopped.

   C.  Analysis of Sufficiency of Complaint

Upon initial review, the plaintiff's claim that he has been fraudulently convicted , without any supporting facts is too vague and conclusory to sufficiently state a claim pursuant to 42 U.S.C. §1983. Twombly supra.

Further, Long's challenges to his alleged unconstitutional conviction are not cognizable claims in a civil rights case. A petition for writ of habeas corpus, once a conviction is final, and

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

all avenues of state relief have been exhausted, is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973).

If a prisoner brings such claims in a civil rights action, the complaint must be dismissed, unless and until, the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck applies both to actions for monetary damages and for injunctive relief. Wilkinson v Dotson 125 S.Ct 1242 (2005). Because the plaintiff's confinement has not been remedied by any of the procedures listed in Heck, his claims are not cognizable under §1983.

Lastly, the plaintiff's claims regarding the alleged deprivation of personal property is not cognizable in a federal lawsuit pursuant to §1983. His remedy is a tort action under state law.

The courts have long expressed concern with a reading of section 1983 which would turn the Fourteenth Amendment into a font of tort law to be superimposed upon whatever systems may already be administered by the states. Parratt v. Taylor, 451 U.S. 527, 544 (1981) (overruled in part not relevant here, by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)); Baker v. McCollan, 443 U.S. 137 (1979); Paul v. Davis, 424 U.S. 693, 701 (1976); Cannon v. Taylor, 782 F.2d 947 (11 Cir. 1986). In Baker v. McCollan, supra, the Supreme Court warned that §1983 must not be used to duplicate

state tort law on the federal level, stating in pertinent part, as follows:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.

443 U.S. at 146.

In Parratt v. Taylor, and Hudson v. Palmer, supra, the United States Supreme Court held that a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise under 42 U.S.C. §1983 to a procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy. After the ruling in Daniels, supra, which in part overruled Parratt, the Court of Appeals for this Circuit has held, in the context of a §1983 action involving an arrest-related seizure and retention of property (a vehicle, cash, and jewelry), that where the plaintiffs had adequate postdeprivation remedies, no procedural due process violation had occurred, whether or not forfeiture proceedings were ever initiated. Lindsey v. Storey, 936 F.2d 554, 561 (11 Cir. 1991) (citing Parratt v. Taylor and Hudson v. Palmer, supra).

### III.  Conclusion

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a

claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 23rd day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Thomas Long, Pro Se
      DC#K07322
      Bay City Work Camp
      Apalachicola, FL
      Address of Record